

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW<br>DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JENNIFER HARRINGTON**<br>*Special Assistant Corporation Counsel*<br>O: (212) 356-2016<br>C: (858) 231-0407<br>jharring@law.nyc.gov |

January 26, 2022

**VIA ECF**
Hon. Kathleen Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007



Re: *M.B. v. N.Y.C. Dep't of Educ.,* 21-cv-10085 (KPF)(SDA)

Dear Judge Failla:

    I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, Georgia M. Pestana, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. 1400, et. seq. ("IDEA"), as well as for this action.

    I write to respectfully request (1) an order compelling counsel to provide relevant billing records no later than January 31, 2022, and (2) that the Court stay the case pending further order of the Court, with a joint status letter due by May 2, 2022, either informing the Court that the matter has been fully resolved or proposing a briefing schedule for a simple fees motion (specifically, not a Rule 56 motion, as liability is not at issue, but rather, the reasonableness of the fees sought).

    In its First Letter Motion (ECF No. 10), filed December 16, 2021, Defendant requested a 60-day extension of time to answer Plaintiff's complaint, in order to obtain billing records and begin the settlement negotiation process. As stated in that letter motion, Defendant reached out to Plaintiff's counsel numerous times including in December 8, 2021 to obtain consent to the requested extension and to request billing records, but never received a response. By Order dated December 17, 2021 (ECF 11), Your Honor extended Defendant's time to answer until February 21, 2022.

1

To date, the Roller Firm has not provided to any attorney billing records. Defendant again requested billing records on January 3 and 10, 2022. On January 10, Ms. Roller responded with "Good evening Martha, Will get these over to you asap." Over two weeks have passed, and no further communication has come from the Roller Firm, let alone any billing. Thus, Defendant remains unable to begin to assess settlement of this case, nor develop a response to the Complaint.

This case is one of many where Defendant's counsel has needed to seek Court intervention to obtain relevant billing records in order to facilitate settlement of IDEA fees-only actions, where liability is not in issue. Despite many dozens of requests from this office over the past sixteen months in many similar cases brought by Plaintiff, the Roller Firm continues to fail to provide the records in most of these cases unless and until Defendant seeks orders to compel and to stay,. Indeed, in addition to this case, Your Honor has previously issued Orders to Stay in two identical cases brought by the Roller Firm. In issuing one such Order, Your Honor noted Ms. Roller's *modus operandi* of unresponsiveness, and Ordered production of billing records, noting:

> The Court has been waiting to see if Plaintiff would file any sort of response to Defendant's letter. However, given that any such response would have been due yesterday, and given the Court's familiarity with Ms. Roller's *modus operandi*, the Court will GRANT Defendant's requests. This action is hereby STAYED through December 25, 2020.

See *F.S. v. NYC Dep't of Educ.*, 20-cv-4538 (KPF)(OTW) (ECF No. 9). *See also H.D. v. NYC Dep't of Educ.*, 20 cv-2238 (KPF)(GWG) (ECF No. 14).

Many judges on the Southern District bench have ordered the Roller Firm to provide billing records to this office, and have also imposed stays to enable Defendant to prepare the cases for settlement negotiations. *See e.g.,* Order from Chief Judge McMahon—issued today—in *V.K. v. N.Y.C. Dep't of Educ.,* 21-cv-6855 (CM) (ECF No. 17):

> (1) The Roller Firm has until Friday February 4, 2022 to provide the City with its billing records. The failure to do so will be treated by this Court as the equivalent of a violation of an order to compel, which will subject counsel to sanctions, including but not limited to DISMISSAL OF THE COMPLAINT WITH PREJUDICE. *Am I clear*? (2) If the Roller Firm produces its billing records by 2/4/2022, the case will be stayed for settlement discussions until April 29, 2022. (3) *If the Roller Firm fails to produce - even if it is just one day late - I expect the City to move for sanctions.* (Signed by Judge Colleen McMahon on 1/25/2022) (kv).

*Id*. (emphasis added). Indeed, there is now a substantial collection of Orders issued by judges of this District staying these cases and compelling the Roller Firm to produce "contemporaneous" billing records to Defendant so that these matters can be settled.[1]

---

[1] *See also* Order dated December 3, 2021 in *L.W. v. N.Y.C. Dep't of Educ.,* 21-cv-6857 (PAC)(RWL) (ECF No. 9), and *G.S. obo D.S. v. NYC Dep't of Educ.*, 20 cv-10729 (GHW)(DCF) (ECF No. 15); *J.K. et. al. v. NYC Dep't of Educ.*, 20-cv-10514 (JPC)(SN) (ECF No. 8); *J.S. v. N.Y.C. Dep't of Educ.*, 20-dv-2105 (PAE)(JLC) (ECF

As the Court is aware, this case cannot be resolved unless and until Plaintiff's counsel provides relevant billing records. By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between Plaintiff's counsel and the DOE, without the need for federal action. The small portion of fee claims (less than 10% of those presented to the DOE) that do not resolve through settlement with the DOE, once a federal action is filed, are routinely settled without further litigation following negotiations between Plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). However, the Roller Firm typically—and inexplicably—waits until the very last day of the three-year statute of limitations to file the federal claim without having presented that claim previously to the DOE. A small fraction of the federal filings do not settle and go to motion practice. Indeed, only one of the many dozens of identical IDEA fees-only actions filed by the Roller Firm have resulted in motion practice after settlement negotiations failed. *See G.T. v. N.Y.C. Dep't of Educ.,* 18-cv-11262, 2020 U.S. Dist. LEXIS 55420 (S.D.N.Y. Mar. 30, 2020), *adopting G.T.*, 2020 U.S. Dist. LEXIS 25557 (S.D.N.Y. Feb. 12, 2020) (assigning Ms. Roller $375/hr. for work performed in an administrative hearing against the DOE)

We do not understand Plaintiff's delay. The records at issue are required to be prepared *contemporaneously* with the work that Plaintiff's counsel performs related to this and the underlying administrative proceeding. On September 11, 2020, Judge Woods voiced concern over a similar delay by the Roller Firm when presented with Defendant's letter motion seeking a stay and order to compel:

> As a brief aside for counsel for plaintiff [Ms. Roller], if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print". What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. *I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation.* So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records."

*See* Judge Woods in *S. T. v. N.Y.C. Dep't of Educ.*, 20-cv-3816 (GHW)(RWL)(emphasis added).

Defendant believes that if attorney billing records are provided, the parties have a very high likelihood of fully resolving this matter within 90 days, without further burden on the Court. Therefore, Defendant respectfully requests (1) an order compelling counsel to provide relevant billing records no later than January 31, 2022, and (2) that the Court issue a further stay of this action, with a joint status letter due by May 2, 2022, either informing the Court that the matter has been fully resolved or proposing a briefing schedule for a simple fees motion.

---

No. 10); *J.J. v. NYC Dep't of Educ.*, 20-cv-05214 (JGK)(SDA)(ECF No. 7); *M.D. v. NYC. Dep't of Educ.*, 20-cv-00694 (CM)(DCF) (ECF No. 14); *I.O. v. NYC Dep't of Educ.*, 20-cv-5061 (PAC)(SN) (ECF No. 6).

Thank you for considering these requests.

Respectfully submitted,

/s/
Jennifer Harrington, Esq.
*Special Assistant Corporation Counsel*

cc: Irina Roller, Esq. (via ECF)

```
The Court is in receipt of the above-letter, dated January 26, 2022, in
which Defendants request, inter alia, an order compelling Plaintiff to
provide contemporaneous billing records that are relevant to the above-
captioned matter.  (Dkt. #12).  The Court takes seriously the pattern
of dilatory conduct described by Defendant.  Prior to determining the
appropriate next steps, the Court wishes to hear from Plaintiff.
Accordingly, Plaintiff shall submit a response addressing the issues
raised in Defendant's letter on or before January 31, 2022.

The Clerk of Court is directed to terminate the pending motion at
docket entry 12.

Date:     January 26, 2022          SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE